**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 24-4031**

————————————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

RICKY LAMAR RHODES,

> Defendant - Appellant.

————————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00369-WO-4)

————————————

Submitted:  July 24, 2025                     Decided:  July 28, 2025

————————————

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

**ON BRIEF:**  Zachary W. Ezor, TIN FULTON WALKER & OWEN, PLLC, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Lindsey A. Freeman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lamar Rhodes appeals the district court's judgment revoking his term of supervised release and imposing a sentence of 30 months' imprisonment. At the revocation hearing, Rhodes denied that he violated the term of his supervised release that prohibited him from committing new crimes by drug trafficking (Violation 2) and misdemeanor resisting a police officer (Violation 3). After allowing the parties to present evidence on the two disputed violations, the district court found that Rhodes committed all five charged violations and revoked his supervision.

On appeal, Rhodes contends the district court erroneously found that he committed Violations 2 and 3. "We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Cohen*, 63 F.4th 250, 254 (4th Cir. 2023) (citation modified).

A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "This standard requires only that the existence of a fact be more probable than its nonexistence." *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (citation modified). Based on our review of the record, we conclude that the district court did not abuse its discretion in finding by a preponderance of the evidence that Rhodes committed Violation 2. Because Violation 2, a Grade A violation, rendered revocation mandatory and established Rhodes's policy statement range, any alleged error regarding Violation 3 would not have impacted Rhodes's revocation judgment.

2

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*